IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOE LOUIS JUSHAWAY                                                                             PETITIONER

V.                                                                          CAUSE NO. 3:23-CV-00277-SA-DAS

MDOC                                                                                            RESPONDENT

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Joe Louis Jushaway for a writ of habeas corpus under 28 U.S.C. § 2241. Respondent has moved to dismiss the petition as moot and for failure to state a claim upon which relief can be granted. Petitioner has responded that he has no objection to the motion. The matter is now ripe for resolution. For the reasons set forth below, Respondent's motion to dismiss will be granted, and the instant petition for federal habeas corpus relief will be dismissed as moot and for failure to state a claim upon which relief can be granted.

Factual and Procedural Background

Petitioner Joe Louis Jushaway is currently in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Marshall County Correctional Facility located in Holly Springs, Mississippi. Doc. # 1. On April 20, 1992, Jushaway was convicted of capital murder and sentenced to a term of life imprisonment. Doc. # 12-1. Seven months later, on November 20, 1992, Jushaway pleaded guilty to another charge of capital murder and was sentenced to a concurrent term of life imprisonment. Doc. # 12-3. That same day, Jushaway pleaded guilty to two charges of accessory before the fact: one for burglary of an inhabited dwelling and the other for robbery, and was sentenced to concurrent terms of fifteen years on each count. Doc. 12-4. All

convictions stem from charges brought in the Hancock County Circuit Court. *See* Doc. #s 12-1, 12-2, 12-3, 12-4.

Jushaway filed the instant federal habeas corpus action under 28 U.S.C. § 2241 on July 31, 2023. Doc. # 1. In his petition, Jushaway raises no grounds for relief, but instead simply asks that his "timesheet entry date [be] returned to the correct date" and that "MDOC [] request a re-hearing for parole." Doc. # 1 at 8. On November 27, 2023, Respondent moved to dismiss Jushaway's petition as moot and for failure to state a claim upon which relief can be granted. Doc. # 12. On December 7, 2023, Jushaway filed a response to Respondent's motion, declaring that he had no objections to the motion to dismiss. Doc. # 13.

## Mootness

Respondent first argues that this Court lacks jurisdiction because Jushaway's claim about his timesheet is now moot. As noted above, Jushaway asks that the date of entry be corrected on his MDOC time sheet. Jushaway evidently served 852 days in jail prior to his conviction, resulting in an "entry date" of December 20, 1989. At the time Jushaway filed the instant petition, his timesheet failed to include his pre-trial jail time. Attached to Respondent's motion to dismiss, however, is a current copy of Jushaway's time sheet which reflects a "begin date" of December 20, 1989. Doc. # 12-13.

To maintain jurisdiction, "the court must have before it an actual case or controversy at all stages of the judicial proceedings." *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citations omitted). A case is moot when it "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 F. App'x 329, 331 (5th Cir. 2005) (citation omitted). A case becomes moot, however, "only when it is impossible for

a court to grant any effectual relief whatever to the prevailing party." *Herndon*, 985 F.3d at 446 (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)); *see also Salgado v. Federal Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citations omitted).

A habeas petition may become moot when "[t]he main thrust" of the petitioner's application is to be released from confinement, and if petitioner is "released . . . this court can no longer provide him with that relief." *Bailey v. Sutherland*, 821 F.2d 277, 278 (5th Cir. 1987). Similarly, a petition may become moot when an "intervening factual event . . . causes the [petitioner] to no longer have a present right to be vindicated or a stake or interest in the outcome." *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998) (citations omitted).

As discussed above, since the filing of the instant federal habeas petition, Jushaway's MDOC time sheet has been amended to reflect the correct entry date of December 20, 1989, as requested. In his response, Jushaway confirms that his time sheet is now accurate, and further opines that he has no objection to Respondent's motion. The Court, therefore, finds that Jushaway's claim regarding his time sheet is moot, and that the claim should be dismissed without prejudice. *See McBride v. Lumpkin*, 2022 WL 1800842, at *2 (5th Cir. June 2, 2022) (holding that when a district court "determined that the petition was moot, it should have dismissed the petition *without* prejudice—because to dismiss *with* prejudice is to make a determination on the merits")(citations omitted).

### Parole Eligibility

Jushaway additionally asks that MDOC request another parole eligibility hearing on his behalf. Respondent argues that Jushaway's request for parole fails to state a cognizable federal habeas claim. Alternatively, Respondent contends that Jushaway has failed to exhaust any such claim in state court.

3

Petitioners seeking federal habeas corpus relief must allege the deprivation of "some right secured to him by the Constitution or the laws of the United States." *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). Courts have consistently held that the Mississippi parole statutes do not confer a liberty interest in state inmates. *See Smith v. Mississippi Parole Board*, 478 F. App'x 97 (5th Cir. 2012); *Scales v. Mississippi Parole Board*, 831 F.2d 565 (5th Cir. 1987); *Davis v. Johnson*, 205 F. Supp. 2d 616, 619 (N.D. Miss. June 20, 2002). Thus, Jushaway has no constitutionally recognized liberty interest in parole and, consequently, any claim regarding parole fails to state the violation of a constitutionally protected right. Jushaway's claim requesting parole, therefore, must be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Absent special circumstances, a prisoner seeking habeas corpus relief in federal court must first exhaust all claims, which requires that such claims be presented to the state's highest court. *See Rome v. Kyle*, 1994 WL 708768, *3 (5th Cir. 1994); *see also Dickerson v. Louisiana*, 816 F.3d 220, 225 (5th Cir. 1987). As the Mississippi Supreme Court is the highest state court in Mississippi, *see Jackson v. Anderson*, 112 F.3d 823, 825 (5th Cir. 1997), Jushaway must have allowed the Mississippi Supreme Court an opportunity to address this claim before filing the instant federal habeas petition. Jushaway, however, failed to do so.[1] As such, Jushaway's claim must also be dismissed for failure to exhaust available state court remedies.

## Conclusion

Based on the foregoing discussion, Respondent's motion [12] to dismiss is GRANTED. Petitioner's claim regarding his time sheet is DISMISSED without prejudice, and his claim regarding parole eligibility is DISMISSED with prejudice for failure to state a claim upon which

---

[1] *See* Mississippi Supreme Court website, https://courts.ms.gov (General Docket search of "Joe Jushaway" yields no results) (last accessed on January 29, 2024).

relief can be granted. A separate judgment in accordance with this memorandum opinion and order will enter today.

      SO ORDERED, this the 21st day of February, 2024.

                                      /s/ Sharion Aycock
                                      UNITED STATES DISTRICT JUDGE